UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERION COLLINS, | ) Case No. CV 16-8265 R(JC) |
| Petitioner, | ) |
| v. | ) ORDER DISMISSING ACTION |
| W.L. MONTGOMERY, | ) WITHOUT PREJUDICE |
| Respondent. | ) |

On November 1, 2016, petitioner, a California state prisoner proceeding *pro se*, signed a Motion for Extension of Time which, construed liberally, appears to seek an extension of time to file a federal petition for writ of habeas corpus challenging a conviction in Los Angeles County Superior Court Case No. PA074598 ("State Case") or a motion to stay the same ("Extension Request").[1] For the reasons discussed herein, this action is dismissed without prejudice for lack of jurisdiction.

The exercise of federal jurisdiction under the Constitution depends on the existence of a case or controversy.  United States National Bank of Oregon v.

---

[1] The Extension Request appears to have been signed and placed in the mail by petitioner on November 1, 2016, is postmarked on November 2, 2016, was received by the Clerk on November 4, 2016, and was formally filed on November 7, 2016.

1  Independent Insurance Agents of America, Inc., 508 U.S. 439, 446 (1993);
2  Johnson v. Weinberger, 851 F.2d 233, 235 (9th Cir. 1988) (Article III, Section 2 of
3  the United States Constitution restricts adjudication in federal courts to cases and
4  controversies).  A case or controversy exists when one party demonstrates that it
5  has suffered injury-in-fact which fairly can be traced to acts or omissions of the
6  second party and when there is a substantial likelihood that the relief requested will
7  redress the injury claimed.  Johnson, 851 F.2d at 235.
8       A federal court lacks jurisdiction to grant an extension to file a petition for
9  writ of habeas corpus unless and until such a petition is actually filed because there
10 otherwise is no case or controversy within the meaning of Article III of the
11 Constitution.  See Thomas v. Ochoa, 2013 WL 610772, *2 (C.D. Cal. Feb. 15,
12 2013) (Court lacks jurisdiction to address petitioner's request for extension of time
13 to file federal petition for writ of habeas corpus in the absence of the actual filing
14 of such a petition because Constitution's "case or controversy" requirement
15 precludes granting request for such an advisory opinion); Ford v. Warden, 2008
16 WL 2676842, *1 (C.D. Cal. July 7, 2008) (dismissing without prejudice request for
17 extension of time to file habeas corpus petition because without an actual petition,
18 there was no "case or controversy" as required by the Constitution); United States
19 v. Leon, 203 F.3d 162, 164 (2d Cir. 2000) (granting government motion to dismiss
20 appeal from order denying motion to submit out of time petition under 28 U.S.C. §
21 2255 because no case or controversy in absence of filing of petition); Calderon v.
22 Ashmus, 523 U.S. 740, 746-49 (1998) (no "case or controversy" where prisoners
23 sought declaratory relief to determine the time limits that would govern future
24 habeas actions); see also United States v. Cook, 795 F.2d 987, 994 (Fed. Cir. 1986)
25 (in Fair Labor Standards Act case, district court erred by tolling statute of
26 limitations in advance of the filing of potentially untimely claims).
27 ///
28

1    Here, because petitioner has not actually filed a federal petition for writ of
2 habeas corpus, there is no action or proceeding pending and no case or controversy
3 to be heard.  If petitioner actually files a petition for writ of habeas corpus, then the
4 Court may entertain an argument that such a petition is, or should be deemed,
5 timely.  Unless and until petitioner does so, however, this Court lacks jurisdiction
6 to consider petitioner's Extension Request for an extension of time to file a federal
7 petition for writ of habeas corpus or a motion to stay the same.[2]
8    For the foregoing reasons, IT IS HEREBY ORDERED that this case is
9 dismissed without prejudice.
10   IT IS SO ORDERED.
11 DATED:   November 15, 2016

13   _____
14   HONORABLE MANUEL L. REAL
     UNITED STATES DISTRICT JUDGE

---

[2] In any event, to the extent petitioner is under the impression that he was required to file a federal petition for writ of habeas corpus by November 1, 2016 in order to be timely/within the statute of limitations, this does not appear to be the case.  The Court takes judicial notice of the dockets of California Court of Appeal, Second Appellate District ("Court of Appeal"), Case No. B255397 and California Supreme Court Case No. S230323 – available via http://appellatecases.courtinfo.ca.gov.  See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts). Such dockets reflect that the Court of Appeal affirmed petitioner's conviction in the State Case on October 20, 2015 and that the California Supreme Court denied his petition for review on January 27, 2016.  In light of the foregoing, it appears that petitioner's conviction became final no earlier than April 26, 2016, and that the one-year statute of limitations to file a federal petition for writ of habeas corpus would expire no earlier than April 26, 2017.  See 28 U.S.C. § 2244(d) (one-year statute of limitations applies to a petition for a writ of habeas corpus by a person in state custody; limitation period runs from no earlier than the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review); Zepeda v. Walker, 581 F.3d 1013, 1016 (9th Cir. 2009) (period of "direct review" after which state conviction becomes final for purposes of section 2244(d) includes the 90-day period during which the state prisoner can seek a writ of certiorari from the United States Supreme Court) (citation omitted).